**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE: $6,871,042.36, AND ACCRUED ) <br> INTEREST, IN FUNDS FORMERLY HELD IN ) <br> ACCOUNT NUMBER ******07, AT MTB ) <br> BANK IN NEW JERSEY, CURRENTLY ON ) <br> DEPOSIT IN AN ACCOUNT CONTROLLED ) <br> BY THE UNITED STATES DISTRICT COURT ) <br> FOR THE DISTRICT OF COLUMBIA ) | Misc. No. 1:14-MC-1222 |

**UNITED STATES' MOTION FOR ENTRY OF FINAL ORDER OF FORFEITURE**
**AND STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

The United States of America, by and through its undersigned attorneys, respectfully moves for a Final Order of Forfeiture against the "Venus Account," which is the subject of this litigation, effectively enforcing a Brazilian forfeiture judgment pursuant to 28 U.S.C. § 2467(c)(1) and (d) (1).

The United States requests that this Court consider this Motion as a supplement to its Application to Enforce and Register a Foreign Forfeiture Judgment (the "Application", *see* ECF 18) against criminal proceeds in the amount of $6,871,042.36 with accrued interest formerly contained in account number ******07 in the name of Kesten Development Corporation at MTB bank in New Jersey (hereinafter the "Venus Account"), filed on September 26, 2018. Accordingly, the United States seeks (1) enforcement and registration of a February 17, 2012 final forfeiture judgment issued by the 6th Federal Criminal Court of the Judiciary Section of Sâo Paulo (the "Brazilian Final Forfeiture Judgment")[1] against the Venus Account in funds, currently on

---

[1] As indicated in the United States' Application, the criminal matter was initiated in Brazil in 2004, against Antonio Pires de Almeida, Paulo Pires de Almeida, Regina Ruriko Inoue, and Roseli Ciolfi. Regina Ruriko Inoue ("Inoue") and Roseli Ciolfi ("Ciolfi"), who established the Venus Account, were convicted on February 17, 2012, and as a result of the convictions, the 6th Federal Criminal Court in Sâo Paulo ordered forfeiture of the funds in the Venus Account. As described in

deposit in an account controlled by this Court; and (2) entry of a Final Order of Forfeiture against the Venus Account in favor of the United States.

The United States incorporates by reference the factual and legal bases contained in its prior Application, as well as all exhibits attached thereto, and files this Motion in response to this Court's Memorandum Opinion and Order of March 31, 2021.

## I.    FACTUAL BACKGROUND

As noted in this Court's Memorandum Opinion, the history of this case and the related interpleader and declaratory judgment actions is exhaustive, and need not be repeated here.   The Memorandum Opinion notes that on September 26, 2018, the United States filed its Application to enforce and register a certified Brazilian Final Forfeiture Judgment issued by the 6th Federal Criminal Court of the Judiciary Section of Sâo Paulo on February 17, 2012. (ECF 18) attaching the Brazilian Final Forfeiture judgment (ECF 18-1).

On October 15, 2018, this Court ordered the Liquidators to show cause, as to "why the Court should not grant the United States' motion to enforce the Brazilian Forfeiture Judgment". *See* ECF 19.   On October 29, 2018, the Liquidators filed a response to the October 15, 2018 Order in which they stated that they did not oppose the United States' application to enforce the Brazilian Forfeiture Judgment except to the extent that the "request to provide notice pursuant to Rule G of the Supplemental Rules for Admiralty or Maritime Claims (ECF 20).[2]

---

the Application, all appeals have been exhausted in Brazil, and the February 17, 2012 forfeiture judgment against the Venus Account sought for enforcement is final and non-appealable. *See* ECF 18 at 3-4.

2  The Memorandum Opinion and Order concurred with the Liquidators that Rule G was not applicable, and the United States does not contest that matter in the current Motion.

On November 15, 2018, the Court sought the views of the parties in the Interpleader Action and the Declaratory Action—with the exception of the Liquidators—by ordering them to show cause "as to whether any of the defenses in § 2467(d)(1) preclude the Court from enforcing the Brazilian forfeiture judgment, and therefore not render both of the above-captioned matters moot." *See* 15-cv-116, ECF 192; 15-cv-117, ECF 50.[3]

As the Memorandum Opinion recounts, Kesten Development Corporation, a defendant in the Interpleader Action (15-cv-116), and Ileana Oak Pires de Almeida, plaintiff in the Declaratory Action (15-cv-117), initially argued that the Court should not grant the United States' application "because the Brazilian Court presiding over the forfeiture proceedings has requested that this Court refrain from taking any further action at this time . . ."   (ECF 54).

The posture of the Brazilian court was resolved on February 19, 2019, when the 6th Specialized Federal Court for Crimes against National Financial System and Money Laundering, rejected Almeida's motion for reconsideration and again expressly held in a final and unappealable order that the funds in the Venus Account (now held at an account controlled by this Court) are the "product of criminal activity" under the Brazilian Penal Code (ECF 23-1).   The United States,

---

[3] On December 4, 2018, the United States responded to the November 15 Order, asking the Court to dismiss the Interpleader Action as moot (15-cv-116, ECF 197).   On December 7, 2018, this Court held that it would be inappropriate to address the United States' uninvited request to dismiss this interpleader action at that time given the threshold determination that must be made in the § 2467 enforcement action of whether the Court shall grant the United States' Application." The Court stated that "if the United States intended its December 4, 2018 submission as a motion for dismissal of this interpleader action," that motion was denied without prejudice (15-cv-116, ECF 199).   The United States hereby respectfully re-submits its December 4, 2018 submission (ECF 197) as a provisional Motion to Dismiss the Interpleader Action (15-cv-116) under Local Civil Rule 7, in the event the Court signs the proposed Final Order of Forfeiture, thus concluding this action, which the prior appeal has already determined is the sole forum to resolve the Brazilian request as long as the US persists in asserting the Brazilian claim.

accordingly, requested in its February 25, 2019 status report that this Court enter "a forfeiture order against the funds contained in the Venus Account."   *Id.*

On March 31, 2021, this Court held, among other things, (1) the Brazilian Forfeiture Judgment is enforceable; and (2) this Court's December 18, 2014 restraining order against the Venus Account Funds shall be maintained in effect pending further order of this Court.   *See Memorandum Opinion*, ECF 26, at 14 (the "Opinion").   The Memorandum Opinion also reasoned in detail concerning notice issues under Rule G of the Supplemental Rules for Admiralty or Maritime Claims (the "Supplemental Rule G") in the context of an enforcement action pursuant to 28 U.S.C. § 2467.   *Id.* at 12-13.   As guided by the Memorandum Opinion, the United States files this motion for entry of a final forfeiture order forfeiting the funds in the Venus account under Section 2467 (c)(1) and (d)(1).

## II.    STATEMENT OF POINTS AND AUTHORITIES

### A.  Enforcement and Registration of the Brazilian Final Forfeiture Judgment

For the reasons stated more fully in the Application, the three elements required for enforcement of a foreign forfeiture judgment under Section 2467 have been satisfied in this case: (1) the United States and the foreign nation are parties to an international agreement providing for mutual forfeiture assistance;[4] (2) the conduct giving rise to forfeiture under foreign law constitutes conduct that would give rise to forfeiture if committed in the United States;[5] and (3)

---

[4]  Treaty Between the Government of the United States of America and the Government of Brazil on Mutual Legal Assistance in Criminal Matters, art. 5, MLAT, *supra*, October 14, 1997, S. Treaty Doc. No. 105-42 (1997); Application, ECF 18, at 9.

[5]  If the conduct giving rise to the Brazilian forfeiture judgment occurred in the United States, it would constitute the offenses criminalized under 18 U.S.C. §§ 1960 and 1956, and any violation of Section 1960 and 1956 would give rise to forfeiture in the United States pursuant to 18 U.S.C §§982(a)(1) and 981(a)(1)(A). *See* Application, ECF 18, at 9-11.

the Attorney General, in the interest of justice, has certified the judgment for enforcement.[6]   *See*
28 U.S.C. § 2467(a)(1)-(2) and (c)(1) and Application, ECF 18 at 9-12.

This Court's Memorandum Opinion made it clear that "because the Attorney General
certified Brazil's request, the Court must enforce the Brazilian Forfeiture Judgment …, unless one
of the five enumerated proscriptions in § 2467(d)(1) exists…"   *See Memorandum Opinion*, ECF
26, at 9.   This Court found that none of the defenses to enforcement of a foreign forfeiture
judgment listed in Section 2467(d)(1) are present. *Id.* at 10-11.   This Court noted that "[t]his
Court's findings are further supported by the absence of contrary argument presented by any
interested party.   When provided the opportunity to raise any concerns that would preclude the
Court from granting the government's application based on the Attorney General's certification,
the Court only received timely responses from three interested parties: the liquidators, Kesten, and
Almeida.   And in those responses, no party raised any concerns that could preclude the Court
from granting the government's application and entering a judgment forfeiting the Venus Account
Funds to the United States."   *See Memorandum Opinion*, ECF 26, at 11.   This Court then
concluded "that every requirement in § 2467 has been satisfied, and the Court must therefore
enforce the Brazilian Forfeiture Judgment for the Venus Account Funds."   *Id.*

**B.  Final Order of Forfeiture**

Section 2467(d)(1) grants this Court broad authority to "enter *such orders as may be
necessary* to enforce [a foreign forfeiture] judgment on behalf of the foreign nation." 28 U.S.C.

---

[6]  On September 24, 2018, the Attorney General's designee, the Assistant Attorney General
("AAG") certified the Brazilian Final Forfeiture Judgment pursuant to Section 2467(b)(2).   *See*
Application, ECF 18, at 11-12; AAG Certification, ECF 18-1. The AAG's determination that
enforcement of the Brazilian Final Forfeiture Judgment "is in the interest of justice" is not subject
to judicial review. 28 U.S.C. § 2467(b)(2).

5

§ 2467(d)(1) (emphasis added).[7]  A Final Order of Forfeiture forfeiting the Venus Account to the United States is necessary to enforce the Brazilian confiscation judgment because the Government of Brazil has no authority or ability to take custody of the forfeited proceeds contained in the Venus Account under any other provision of their law or of ours.  *See also* 28 U.S.C. § 2467(c)(1) ("If the Attorney General or the designee of the Attorney General certifies a request . . ., the United States may file an application on behalf of a foreign nation in district court of the United States seeking to enforce the foreign forfeiture or confiscation judgment *as if the judgment had been entered by a court in the United States*.") (emphasis added).   The United States must deposit the forfeited funds into one of its Assets Forfeiture Funds in order to share the forfeited property with the Government of Brazil.   A Final Order of Forfeiture will grant the United States and its designee, the U.S. Marshals' Service, authority to deposit the Venus Account funds into the Assets Forfeiture Fund for that purpose

As a final matter, this Court held in its Memorandum Opinion that the United States has satisfied the notice requirements.  *See Memorandum Opinion*, ECF 26, at 12.   This Court concluded that "§ 2467 has its own provisions to ensure adequate notice" by virtue of Section 2467(b)(1)(c) and (d)(1)(D), and the notice provisions Section 2467(b)(1)(c) and (d)(1)(D) have been fully satisfied, as demonstrated by the Brazilian Prosecutor's affidavit submitted with the Application on September 26, 2018.   *See Affidavit of Brazilian prosecutor Aderson Vagner Gois Dos Santos*, ECF 18-2.   Accordingly, it is now appropriate to issue a final order of forfeiture in

---

[7]The United States argues that Section 2467(d)(2) does not apply here, because Rule 69 of the Federal Rules of Civil Procedure applies only to money judgments, which is not what the Brazilian Final Forfeiture Judgment order or can be interpreted to order. *See* Fed. R. Civ. Pro. 69(a)(1).

favor of the United States so that it may fulfill its obligation to enforce the forfeiture judgment of the Brazilian court.

## III.    CONCLUSION

The United States respectfully requests that this Court enforce and register the Brazilian Final Forfeiture Judgment and enter a Final Order of Forfeiture in favor of the United States against the funds contained in the Venus Account.    A proposed Final Order of Forfeiture has been submitted herewith.

Respectfully submitted,

Deborah Connor,
CHIEF, MONEY LAUNDERING AND
ASSET RECOVERY SECTION

_____/s/_____
JENNIFER WALLIS
MICHAEL OLMSTED
Trial Attorneys
U.S. Department of Justice
Criminal Division
1400 New York Avenue, N.W.,
Washington, D.C.   20530
Telephone:    (202) 514-1263
Fax:              (202) 514-616-2547

Attorneys for Applicant
UNITED STATES OF AMERICA